**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO: |
| | § | SA19-CR-905 (DAE) |
| (1) CHRISTOPHER FELIX MONTOYA | § | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR BOND**

TO THE HONORABLE DAVID A. EZRA, SENIOR UNITED STATES DISTRICT JUDGE:

COMES NOW the United States Attorney for the Western District of Texas, by and through the undersigned Assistant United States Attorney, and files its response in opposition to Defendant Christopher Montoya's Motion for Bond (ECF No. 115) and respectfully shows the court as follows:

**I.     Defendant's Pending Cases and Bond Status**

Defendant has two pending open indictments charging him with healthcare fraud related offenses – the instant matter, and SA20-CR-95 which is pending before The Honorable Fred Biery. On March 22, 2021, the Government filed Motions to Revoke Bond on both of Defendant's open matters based upon allegations that Defendant Montoya had continued to issue controlled substance prescriptions after surrendering his DEA registration.  ECF No. 75; SA20-CR-95 – ECF No. 66.   After hearings were held on both matters, both district courts revoked Defendant's bond and ordered him detained pending trial.   ECF No. 89; SA20-CR-95 – ECF No. 75.

Since having his bond revoked, Defendant Montoya has pleaded guilty on both the instant matter (ECF No. 110) as well as the matter before Judge Biery (SA20-CR-95 – ECF No. 89).   At both plea colloquies, the Government specifically noted that nothing in the plea agreements made

1

any representation whatsoever about the Defendant's detention status.

On July 14, 2021, the Defendant filed the instant motion for bond.   ECF No. 115.   Title 18, United States Code, § 3143(a)(1) governs "release or detention pending sentencing" in a case such as Defendant's.   It states in relevant part:

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, * * * be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

Defendant argues that he is no longer a danger to the community due to the suspension of his physician's assistant license.   While the Government does not contend that he presents a risk of flight, this change in circumstances does not provide clear and convincing evidence that he is not an ongoing danger to the community.

## II.     Defendant has Shown That He Will Not Abide by Restrictions on His Ability to Practice Medicine

The Defendant argues that he will not be able to issue prescriptions or practice medicine because his license has been suspended since his bond was revoked.   ECF No. 115, ¶ IV.   While it is true that his Texas physician's assistant license has now been suspended, the entire reason why his bond was revoked in the first place was because he issued prescriptions after his DEA registration was surrendered.   To summarize the initial allegations: the Defendant voluntarily surrendered his DEA registration, acknowledged in writing that he could not legally prescribe controlled substances, and then proceeded to continue to issue prescriptions over the course of the next several months.   ECF No. 75.   Therefore, in previously revoking his bond, the Court has already found that the Defendant is willing to disregard both regulatory agencies as well as his bond conditions.   There is no reason to believe that this additional restriction will affect or alter his behavior should he be released.

2

### III.    Defendant's License Suspension is Temporary and Subject to Change

Defendant has provided a copy of the temporary suspension order issued against him. ECF No. 115, Ex. 1.   Notably, the suspension is based upon the exact same illegal behavior which compelled the Government to file its Motion to Revoke Bond.   ECF No. 115, Ex. 1 at 1-2.   As the Texas Physician Assistant Board took no action for over a year and a half while two separate criminal matters were pending, it is reasonable to conclude that their suspension is based in large part on the fact that two Federal courts found reason to revoke Defendant Montoya's bond.   As noted in the suspension order, the action by the Texas Physician Assistant Board is temporary and Defendant Montoya is entitled to a final hearing.   Should he be released on this matter, there is no assurance that the change in circumstance would not provide a basis for Montoya to have his license reinstated.   In addition, he has not indicated that he will waive or otherwise concede the revocation of his license.   Thus, his release itself could potentially result in reversing the suspension which he relies upon to argue for bond.

### IV.    Defendant's License Suspension is At Least Partially Based Upon His Actions After His Bond was Revoked

The Defendant was placed into custody on March 29, 2021, and has remained incarcerated since then.   As noted in the exhibit provided by the Defendant himself, part of the basis cited by the Texas Physician Assistant Board for suspending his license was that he "continues to run his practice from jail through phone conversations" and "continued to bill Medicare for services rendered despite not being present within his clinics".   ECF No. 115, Exhibit 1 at 2.   At the time of this response, the Government has not sufficiently investigated these actions to determine whether they constitute another instance of criminal conduct.   Whether or not the Defendant has continued to commit crimes while incarcerated, however, he has evidently violated the terms of his professional licensure immediately after being placed into custody for very similar misconduct.

This continued pattern of malfeasance supports the conclusion that he remains a high risk of future criminal behavior.

Based upon the foregoing, it is submitted that any change in circumstances since the initial revocation of Defendant's bond does not warrant a change in his detention, and that there still exists no combination of conditions and restrictions that will assure the safety of the community.

WHEREFORE, for the foregoing reasons, the Government respectfully requests that the Court deny Defendant Montoya's Motion for Bond in all respects.

Respectfully submitted,

ASHLEY HOFF
UNITED STATES ATTORNEY

By:      /s/   Justin Chung
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 20th day of July, 2021, the foregoing GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR BOND was filed electronically through the CM/ECF Document Filing System, which will transmit a copy to all parties.

   /s/   Justin Chung
JUSTIN CHUNG
Assistant United States Attorney

4

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO: |
| | § | SA19-CR-905 (DAE) |
| (1) CHRISTOPHER FELIX MONTOYA | § | |
| | § | |

## <u>ORDER</u>

CAME TO BE CONSIDERED the Defendant's Motion for Bond in this matter.  Having reviewed the Motion, the Government's Response in Opposition, as well as the entire record before the Court, the Defendant's Motion is

DENIED

And Defendant is to remain detained pending the resolution of the matter.

SIGNED AND ENTERED this _____ day of _____, 2021.


_____
THE HONORABLE DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE

5